**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt.loker@loker.law
Charles B. Cummins, Esq. (354861)
charles.cummins@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff,*
Reena Agarwal

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **REENA AGARWAL,**<br><br>Plaintiff,<br><br>v.<br><br>**COMENITY CAPITAL BANK; EQUIFAX INFORMATION SERVICES, LLC; AND EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **FAIR CREDIT REPORTING ACT; AND,**<br><br>II.   **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**<br><br>**JURY TRIAL DEMANDED** |

**CASE NO.:**                                                        *Agarwal v. Comenity Capital Bank, et al.*

**COMPLAINT**

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

# INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

///

///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

CASE NO.:                                    **1 OF 13**            *Agarwal v. Comenity Capital Bank, et al.*
**COMPLAINT**

3.    REENA AGARWAL ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of COMENITY CAPITAL BANK ("Comenity"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax"); and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") with regard to attempts by Comenity to unlawfully and abusively report an invalid debt from Plaintiff, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff damages.

4.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.    While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6.    Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7.    Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8.    Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

///

///

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

10. This action arises out of Defendants' violations of (i) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); and, (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA").

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Santa Clara County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

**PARTIES**

13. Plaintiff is a natural person who resides in Milpitas, California.

14. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); Cal. Civ. Code § 1785.3(c).

15. Comenity is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

16. Equifax is a corporation located in the State of Georgia.

17. Experian is a corporation located in the State of California.

18. Equifax and Experian are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

19. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

20. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

21. At all times relevant, Plaintiff is an individual residing within the State of California.

22. In May 2025, Plaintiff discovered fraudulent charges on her credit card. The issuing bank for this credit card is Comenity. This credit card is branded "Sephora Visa."

23. This unauthorized and fraudulent charges against her Comenity credit card are as follows:

    a. May 20, 2025, $76.69, LOPEZ TAQUERIA 4 SAN JOSE CA;

    b. May 20, 2025, $39.59, 7-ELEVEN 18445 SANTA CLARA CA;

    c. May 20, 2025, $2.11, 7-ELEVEN 23866 SAN JOSE CA;

    d. May 20, 2025, $72.39, 68205 3926 SPEEDWAY SAN JOSE CA;

    e. May 20, 2025, $54.69, SPO*MOONLASHES&BROWS SANTA CLARA CA;

    f. May 20, 2025, $901.47, SEPHORA VALLEY FAIR SANTA CLARA CA.

24. The total amount of fraudulent charges is $1,146.94.

25. Immediately upon discovering these fraudulent charges, Plaintiff contacted Comenity directly in order to dispute their validity.

26. Upon receipt of notification of these fraudulent charges, Comenity provided Plaintiff with a provisional credit.

27. In September, 2025, Comenity reversed the provisional credit.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

28. Upon notification of Comenity's reversal of the provisional credit, Plaintiff contacted Comenity and further disputed the fraudulent charges.

29. Following this second dispute, Plaintiff was disappointed that, from her perspective, Comenity did nothing.

30. On November 19, 2025, as a result of Plaintiff's perception that Comenity was not acting upon her second dispute, Plaintiff generated a Federal Trade Commission Identity Theft Report, thereupon indicating her discovery of the fraudulent charges, identifying the charges, and indicating that she contacted Comenity after discovery of the fraudulent transactions.

31. On November 21, 2025, Plaintiff transmitted correspondence to each Defendant, requesting that they "remove all fraudulent charges from my account and close the account." *Inter alia,* Plaintiff indicated that total fraudulent charges occurring against her Comenity credit card.

32. Plaintiff included within her November 21, 2025 dispute correspondence to Comenity, a copy of the aforementioned FTC Identity Theft Report, proof of identity (driver license), and a copy of a Notice to Furnishers of Information.

33. Plaintiff included within her November 21, 2025 dispute correspondence to Equifax, Experian, and Trans Union each, a copy of the aforementioned FTC Identity Theft Report, proof of identity, a copy of her credit report, and a copy of the Fair Credit Reporting Action Section 605B.

34. On or about December 3, 2025, Plaintiff received correspondence from Comenity indicating that Plaintiff filed a claim on her Comenity issued credit card on November 26, 2025. Comenity indicated that they concluded their investigation into the claim referenced therein. Further, Comenity indicated that, "[b]ased on the information available to us, part of which was supplied by you, we can find no basis to support this claim. Therefore, we will commence forwarding statements to you reflecting the balance owed by you and providing

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

you with a minimum payment amount and due date." Further, "[w]e have filed your dispute as complete."

35. On January 26, 2026, Plaintiff transmitted via written correspondence an additional dispute to Comenity.

36. On March 12, 2026, Plaintiff once again disputed the fraudulent charges when she filed a complaint with the Consumer Financial Protection Bureau ("CFPB"). The submission number for this dispute is: 260312-29921736.

37. Therein, Plaintiff reiterated her chronology, included the aforementioned FTC Identity Theft report, as well as prior notices provided to Comenity.

38. Comenity responded to Plaintiff's CFBP dispute on April 28, 2026, verifying their denial of Plaintiff's disputes.

39. As a result of Comenity's failures, Plaintiff's credit reports with each bureau currently indicates an outstanding balance of $1,253. Plaintiff's Equifax credit report further indicates that the Comenity account is 30 and 60 days past due, and that the account is closed. Plaintiff's Experian credit report further indicates that the Comenity account is 30, 60, and 90 days past due, and that the account is closed.

40. To date, the Comenity inaccurate reporting of the tradeline appears on Plaintiff's Equifax and Experian credit reports.

41. Comenity submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

42. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

43. Defendants' investigations were unreasonable.

44. More specifically, Comenity should have discovered from Comenity's own records, including Plaintiff's formal dispute, that the information being reported

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

was inaccurate and materially misleading since Plaintiff provided information showing that Plaintiff's Comenity debt was not owed.

45. Plaintiff contends that it was unreasonable for Defendants to not contact Plaintiff for further information if needed.

46. The unreasonableness of these investigations is further established by the fact that Trans Union appears to have correctly determined that Plaintiff was not responsible for the debt.

47. Accordingly, Comenity failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

48. Comenity failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

49. Due to Comenity's failure to reasonably investigate, Comenity further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

50. By inaccurately reporting account information after notice and confirmation of its errors, Comenity failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

51. Through this conduct, Comenity violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Comenity knew or should know was inaccurate.

52. Equifax and Experian also failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.S.C. §1681i.

///

///

53. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

54. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

55. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

56. Defendants' failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

57. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

58. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

59. Defendants' conduct has caused Plaintiff emotional distress.

60. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

61. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

62. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large delinquency mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

63. Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit report.

64. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

65. In terms of pecuniary loss, Plaintiff has withheld from the utilization of her credit in the home buying process.

66. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

67. Similarly, Equifax and Experian also received documents in connection with Plaintiff's dispute that directly contradicted the inaccurate credit reporting.

68. These documents should have caused Equifax and Experian to remove the inaccurate information from Plaintiff's credit report.

69. By intentionally reporting continuing obligations, Equifax and Experian acted in conscious disregard for Plaintiff's rights.

70. To report an ongoing obligation despite the invalid nature of this account shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

71. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681X (FCRA)

## [AGAINST ALL DEFENDANTS]

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

74. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

75. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ.

## [AGAINST COMENITY]

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.:                              10 OF 13      *Agarwal v. Comenity Capital Bank, et al.*
COMPLAINT

77. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

78. In the regular course of its business operations, Comenity routinely furnishes information to credit reporting agencies pertaining to transactions between Comenity and Comenity's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

79. Because Comenity is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Comenity is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

80. Since Comenity received all documents required to determine the inaccuracy of Comenity's reporting, Comenity should have known to update said reporting.

81. Comenity also should have determined that Comenity's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

82. Attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Comenity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to the FCRA; and, CCCRAA;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- Any and all other relief the Court deems just and proper.

///
///
///
///
///
///
///

CASE NO.:                         **12 OF 13**      *Agarwal v. Comenity Capital Bank, et al.*
**COMPLAINT**

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

**TRIAL BY JURY**

83.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 29, 2026                                             Respectfully submitted,

                                                            **LOKER LAW, APC**

                                    By:   ___/s/ Matthew M. Loker___
                                          MATTHEW M. LOKER, ESQ.
                                          ATTORNEY FOR PLAINTIFF

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

CASE NO.:                              **13 OF 13**   *Agarwal v. Comenity Capital Bank, et al.*
                                     **COMPLAINT**